By the Court.
The parties occupy the same relative position here as they did in the court below, and will be referred to as relator and respondent.'
There is no controversy of fact in this case, nor is there any question of the legality of the issue of the bonds or of the transfer of the territory. The sole question is as to the division of the funds and indebtedness.
Section 4696, General Code, provides that such transfer shall not be completed until the. county board of education of the ’ county in which such transfer is to be made shall pass a resolution by a majority vote of the full membership of such board, accepting such transferred territory, and such county board shall make an equitable distribution of the funds and the indebtedness between the district from which and to which such territory is transferred.
*605 The Legislature thus imposed upon one of the two interested county boards- the authority and obligation to make an equitable division of the funds and the indebtedness for the two interested districts. It having thus placed this power in the one county board, and not in the two jointly, it is unbelievable that it was the intention of the Legislature to vest in such board, along with the power to make the division, a discretion as to the proportion that should be adopted in making such division, although the language of the statute would bear such an interpretation. To do so would be to place one of two equally interested boards at the mercy of the other.
We therefore reach the conclusion that a division in the proportion that the taxable value of the transferred district bears to the taxable value of the original district is not only an equitable division, but the only basis upon which an equitable division can be made.
The division having been made by the tribunal empowered by law to make it, and having been made in accordance with the power conferred, the legal duty devolved upon respondent board to comply therewith. Upon its refusal, mandamus is not only an appropriate remedy, but would seem to be the only adequate one.
“Funds” include all moneys rightfully in the possession of the board of the original district, and all moneys to which the board of the original district is entitled at the date of the transfer, and in this case include the money realized from the sale of the construction bonds, since no obligation to expend such money in the construction of a *606 schoolhouse had been incurred at the date of the transfer. The proportion of that fund to be transferred shall, with its increments, be used for the retirement of the proportion of the construction bonds assumed by the relator district, and for no other purpose.
“Indebtedness” includes all liabilities incurred prior to the date of the transfer, including bonded indebtedness, contractual obligations, such as building contracts, teachers’ contracts, janitors’ contracts, and the like, though not as yet fully performed.
The date of the transfer is the date the transfer became effective by its due legal acceptance.
The judgment of the Court of Appeals will be reversed, and this cause will be remanded, with instruction to that court to issue the writ as prayed for, with such modification only as omitted items of credits or debits shown to have been omitted may require.

Judgment reversed.

Marshall, C. J., Jones, Matthias, Day, Allen, Kinkade and Robinson, JJ., concur.